**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4941

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DELREA SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00013)

Submitted: April 23, 2008          Decided:  May 7, 2008

Before WILLIAMS, Chief Judge, and NIEMEYER and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tolly A. Kennon, III, KENNON & ASSOCIATES, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Delrea Smith appeals his convictions and 200-month sentence for possession with intent to distribute fifty or more grams of cocaine base, and using and carrying a firearm during and in relation to a drug trafficking crime. Finding no reversible error, we affirm.

Smith first claims that the district court abused its discretion in denying his motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Fed. R. Crim. P. 11(d)(2)(B).

Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing a guilty plea include: (1) whether the defendant offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the delay, if any, between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal would cause prejudice to the Government; and (6) whether withdrawal would inconvenience the court and waste judicial

resources. <u>Moore</u>, 931 F.2d at 248. Although all the factors in <u>Moore</u> must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly conducted. <u>United States v. Puckett</u>, 61 F.3d 1092, 1099 (4th Cir. 1995). Based on our review of the record, we find that the magistrate judge conducted a thorough and adequate Rule 11 colloquy and conclude that Smith knowingly and voluntarily entered his guilty plea. We further find that the district court properly considered the <u>Moore</u> factors and concluded that they weighed against allowing Smith to withdraw his guilty plea. Accordingly, no abuse of discretion occurred.

Smith next argues that the district court abused its discretion in denying his motion to strike Agent Cheramie's testimony. He also claims that the district court abused its discretion in refusing to issue an order requiring the appearance of a records supervisor from the Sheriff's Department to give testimony and evidence regarding the methods of acquiring jail logs. A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. That discretion is abused only when the district court acted arbitrarily or irrationally. <u>See</u> <u>United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994). We agree with the district court that the general allegations raised by Smith are insufficient to support an allegation of perjury. We therefore

find that the district court did not abuse its discretion in denying Smith's motion to strike or in refusing to issue the order requested by Smith.

Smith next claims that the district court committed reversible error in failing to grant his request for a variance based on the severity of sentences for crack cocaine offenses as compared to powder cocaine offenses. The Government responds that Smith expressly waived the right to appeal his sentence in his plea agreement.

We review the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

Based on our review of the record, we find that Smith knowingly and intelligently waived the right to appeal his sentence. We note that Smith waived all rights to contest his conviction and/or sentence except for: (1) claims of ineffective

assistance of counsel; (2) claims of prosecutorial misconduct; and (3) sentencing claims "on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations . . . in the plea agreement . . . or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit." Smith does not contest his sentence on the basis that it is inconsistent with the explicit stipulations contained in his plea agreement or on the basis of an unanticipated issue that has been certified for review by the district court. We therefore find that Smith's valid and enforceable waiver of appellate rights precludes review of his sentencing claim.

Finally, Smith contends that former counsel failed to investigate the merits of his case in order to present an effective defense, failed to explain the changes against him, failed to inform him of the penalties he faced, and "required" him to sign a plea agreement. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists where the record conclusively

shows ineffective assistance. <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006). Based on our review of the record, including the district court's hearing on Smith's request for new counsel and Smith's responses at his Rule 11 colloquy, we find that the record does not conclusively show that former counsel rendered ineffective assistance. Accordingly, this claim is not cognizable on direct appeal.

We therefore affirm Smith's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>